UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MAX TOUHEY,<br><br>    Plaintiff,<br><br>v.<br><br>INTEGRATED INTERIORS, INC.,<br><br>    Defendant. | §§§§§§§§§§§§   Case No:<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Max Touhey ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Integrated Interiors, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright Infringements under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a series of photographs in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a commercial drywall company which owns and operates a website at domain integratedinteriorsinc.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Max Touhey is an individual who is a citizen of the State of New York and maintains a principal place of business in Queens County, New York.

6. Upon information and belief, defendant Integrated Interiors, Inc., is a Texas

1

corporation with a principal place of business at 7533 Pebble Drive, Bldg 23, Fort Worth, Texas 76118-6987 in Tarrant County, Texas.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Texas.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. Plaintiff created photographs of the interior and exterior of the Texas Live Entertainment Complex ("Photographs 1-4"). Copies of Photographs 1-4 are attached hereto collectively as Exhibit 1.

15. In creating Photographs 1-4, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the images.

16.  On September 11, 2018, Photographs 1-3 were registered by the USCO under Registration No. VAu 1-338-315.

17.  On September 9, 2018, Photograph 4 was registered by the USCO under Registration No. Vau 1-337-291.

18.  Plaintiff created Photographs 1-4 with the intention of their being used commercially and for the purpose of display and/or public distribution.

19.  All of the individual photographs herein listed above are referred to throughout the balance of this Complaint as the "Photographs".

B.   **Defendant's Infringing Activity**

20.  Defendant is the registered owner of the Website and is responsible for its content.

21.  Defendant is the operator of the Website and is responsible for its content.

22.  The Website is a key component of Defendant's popular and lucrative commercial enterprise.

23.  The Website is monetized in that it sells metal framing, commercial drywall, and acoustical ceiling services to the public and, upon information and belief, Defendant profits from these activities.

24.  In or about November, 2021, Defendant displayed Photograph 1 on the Website as part of a page at URL: https://integratedinteriorsinc.com/projects-post/texas-live-entertainment-venue/ ("Infringement 1"). A copy of a screengrab of the Website including Photograph 1 is attached collectively hereto in Exhibit 2.

25.  Photograph 1 was stored at URL: https://integratedinteriorsinc.com/wp-content/uploads/2021/11/TL_Arena_Wide_Shot_39117de0-df53-4c4a-ac83-4baba2db6931.jpg.

26.  Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 1 on the Website.

27.  On or about November, 2021, Defendant displayed the Photographs on the Website as part of a page at URL: https://integratedinteriorsinc.com/projects-post/texas-live-

3

entertainment-venue/ ("Infringements 2-5"). Copies of screengrabs of the Website including the Photographs are attached collectively hereto in Exhibit 2.

28. Photograph 1 was stored at URL: https://integratedinteriorsinc.com/wp-content/uploads/2021/11/TL_Arena_Wide_Shot_39117de0-df53-4c4a-ac83-4baba2db6931.jpg.

29. Photograph 2 was stored at URL: https://integratedinteriorsinc.com/wp-content/uploads/2021/11/Texas_Live_Main_Entry.jpg.

30. Photograph 3 was stored at URL: https://integratedinteriorsinc.com/wp-content/uploads/2021/11/7115-Texas-Live-Screen-Shot-2018-10-16-at-5_50_45-PM.jpg.

31. Photograph 4 was stored at URL: https://integratedinteriorsinc.com/wp-content/uploads/2021/11/Texas-Live-beedc6164749dbf7357222c190c36547.jpg.

32. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photographs on the Website.

33. On or about November, 2021, Defendant further displayed Photographs 1-3 on the Website as part of a page at URL: https://integratedinteriorsinc.com/wp-content/uploads/2021/11/Texas-Live.pdf ("Infringements 6-8"). A copy of a screengrab of the Website including Photographs 1-3 is attached collectively hereto in Exhibit 2.

34. Upon information and belief, each of Plaintiff's Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

35. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific Infringement. *17 U.S.C. §106(5).*

36. The Infringements are exact copies of Plaintiff's original images that were directly copied and displayed by Defendant on the Website.

37. Upon information and belief, Defendant takes an active and pervasive role in the

4

content posted on its Website, including, but not limited to, copying, posting, selecting, commenting on and/or displaying images including, but not limited to, Plaintiff's Photographs.

38. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

39. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

40. Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

41. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

42. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

43. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised, and/or had the right and ability to exercise, such right.

44. Upon information and belief, Defendant monitors the content on its Website.

45. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

46. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its revenues.

47. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

48. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

49. Plaintiff created the Photographs with the intention of their being used commercially and for the purpose of display and/or public distribution.

50. Defendant's use of the Photographs harmed the actual market for the Photographs.

51. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

52. On October 26, 2022, Plaintiff attempted to contact Defendant to address the complaints contained herein.

53. On November 7, 2022, Plaintiff made a second attempt to contact Defendant.

54. On November 15, 2022, Plaintiff made a third attempt to contact Defendant.

55. Thereafter, on August 9, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

56. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

57. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's works thereby establishing the willful nature of its conduct.

58. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

59. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

60. The Photographs are each original, creative works in which Plaintiff owns a valid copyright.

61. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published

by the USCO.

62. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

63. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

64. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright Infringements.

65. Upon information and belief, Defendant willfully infringed upon Plaintiff's Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using each on the Website.

66. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

67. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

68. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringements of his copyright pursuant to 17 U.S.C. § 502.

## **JURY DEMAND**

69. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

   a.   finding that Defendant infringed on Plaintiff's copyright interest in and to the Photographs by copying and displaying each without a license or consent;

   b.   for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

   c.   for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

   d.   for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

   e.   for pre-judgment interest as permitted by law; and

   f.   for any other relief the Court deems just and proper.

DATED: November 3, 2023

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 128462

8

*Attorneys for Plaintiff*

9